UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| JAMES DAVID TANKSLEY, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 1:16-CV-487-TAV-SKL |
| | ) | | |
| TENNESSEE VALLEY AUTHORITY, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on defendant's Motion to Dismiss Pursuant to

Federal Rules of Civil Procedure 12(b)(5) and 4(m) [Doc. 7]. Plaintiff responded opposing

this motion [Doc. 9], and defendant replied [Doc. 10]. The parties have also filed further

supplemental briefs pursuant to Local Rule 7.1(d) [Docs. 12–13]. Defendant's motion to

dismiss is therefore fully briefed and ready for disposition. *See* E.D. Tenn. L.R. 7.1(a).

For the reasons explained below, the Court will deny defendant's motion.

## I.      Background[1]

This case concerns allegations of disability discrimination in violation of the

Americans with Disabilities Act of 2008 (the "ADA"), 42 U.S.C. § 12101 *et seq*., and the

Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*

---

[1] In deciding a Rule 12(b)(5) motion, courts may consider both the existing record and facts outside the pleadings. *Strange v. Sterba*, No. 3:09-cv-1159, 2010 WL 2553666, at *1 (M.D. Tenn. June 23, 2010). Notably, "[f]acts as attested to in uncontroverted affidavits may be considered in ruling on" such a motion. *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006); *see also Shires v. Magnavox Co.*, 74 F.R.D. 373, 376–77 (E.D. Tenn. 1977) (noting that facts in uncontroverted affidavits "must be deemed to have been admitted").

### A.    Factual History

Defendant, the Tennessee Valley Authority ("TVA"), is an executive branch corporate agency and instrumentality of the United States, created by and existing pursuant to the TVA Act of 1933, 16 U.S.C. § 831 *et seq.* [Doc. 8 p. 1]. Plaintiff, a resident of Hamilton County, Tennessee, asserts that he was defendant's "employee" within the meaning of the ADA at all times relevant to this action [Doc. 1 ¶¶ 2, 4]. Plaintiff began his employment with defendant in 1997, and, by 2013, he was working as a Backup Administrator in its information technology division [*Id.* ¶ 9]. Plaintiff alleges that he suffered multiple traumatic injuries as a result of motor vehicle accidents in 1982 and 1995, including several fractured and broken bones, a spinal injury, and a compromised immune system [*Id.* ¶¶ 7–8]. Plaintiff further asserts that, by January 2013, he was suffering from scoliosis, a bulging disc, fused vertebrae, fused ribs, carpel tunnel syndrome, arthritis, sleep apnea, and severe testosterone deficiency [*Id.* ¶ 10]. Plaintiff submits that these conditions limited his ability to sit, lift, carry, walk, stand, reach, and perform other manual tasks, in addition to causing him severe and chronic pain [*Id.* ¶ 11].

As a result of these conditions, plaintiff began receiving treatment from a pain management physician [*Id.* ¶ 12]. Plaintiff alleges that, in 2013, he completed Family and Medical Leave Act ("FMLA") paperwork to cover absences caused by these conditions and submitted a letter from his physician explaining that he was in compliance with his pain management regimen and would be able to continue working [*Id.* ¶¶ 14–15]. Plaintiff asserts, however, that he received conflicting statements from defendant as to whether he

could continue working while taking his prescribed medications [*Id.* ¶ 14].  Plaintiff further alleges that defendant forced him to undergo a fitness for duty ("FFD") examination after completion of his FMLA certification and treated him differently than other employees by not permitting him to work remotely [*Id.* ¶¶ 16–17].  Plaintiff also asserts that, when he had to secure an alternative provider after his physician downsized her practice, defendant required an additional FMLA certification and FFD examination [*Id.* ¶¶ 18–19].

Next, plaintiff asserts that his manager, Stephen Avans, required him to undergo yet another FFD examination for what plaintiff later discovered to be false and discriminatory reasons [*Id.* ¶¶ 20–21].  Plaintiff alleges that defendant then informed him he would not be able to continue working while taking his prescribed medication, despite plaintiff having successfully performed his duties while on the same or similar regimen of pain control for over a decade [*Id.* ¶ 23].  Plaintiff also asserts that defendant refused to consider the fact that "any misperception as to his alertness and ability to perform his duties" may have been due to an interruption in his testosterone medication resulting from a change in defendant's insurance coverage [*Id.* ¶ 24].  Plaintiff thus asserts that his employment was terminated as a result of an ADA-covered disability [*Id.* ¶ 25].

## B.    Procedural History

Plaintiff originally filed a charge of disability discrimination against defendant with the United States Equal Employment Opportunity Commission ("EEOC") on July 9, 2014 [Doc. 9-1 p. 5].  After 180 days passed without a final decision from the EEOC, plaintiff

withdrew his request for a hearing and provided notice of his intent to file suit in federal court [*Id.*].  Then, on December 11, 2016, plaintiff filed this action against defendant, alleging that defendant unlawfully discriminated against him by (1) terminating him because of his disability, and (2) failing to provide him with a reasonable accommodation [*Id.* ¶¶ 27–28].  Plaintiff named TVA President and Chief Executive Officer William D. Johnson as the defendant, in his official capacity.

The Clerk of Court issued a summons as to Johnson the next day, December 12 [Doc. 2].  However, plaintiff took no further action in this case until March 31, 2017, when he moved for a thirty-day extension of time to serve process [Doc. 3].  Plaintiff submitted that during the week after the filing of his complaint, he underwent an emergency surgical procedure and, in light of the uncertainty of his recovery, it was unclear whether the case should proceed [*Id.* at 1].  But plaintiff further submitted that his condition had since improved, that he intended to proceed with this action, and that he was serving process on defendant contemporaneously with his motion [*Id.* at 1–2].  On April 4, Magistrate Judge Susan K. Lee entered an order granting plaintiff's motion [Doc. 4].  On May 4, plaintiff's counsel filed an affidavit stating he had served the summons and complaint on R.D. Smith, an agent for TVA General Counsel Sherry A. Quirk, by certified mail [Doc. 6].  Plaintiff's counsel attached a certified mail receipt demonstrating that Smith received delivery of the summons and complaint on Quirk's behalf on April 3 [Doc. 6-1].

On May 26, defendant filed the instant motion to dismiss due to insufficient service of process, pursuant to Federal Rule of Civil Procedure 12(b)(5) [Doc. 8].  In this motion,

defendant argues that the means of service described above are improper under Rule 4(i), which sets out the requirements for service of process on an officer or employee of a United States corporation sued in an official capacity. Plaintiff responded on June 5, arguing that (1) plaintiff's counsel's method of service should be deemed sufficient, given his past course of dealing with TVA, and (2) alternatively, the Court should permit a second extension of time to effect proper service [Doc. 9]. Defendant replied on June 12 [Doc. 10]. Then, on June 27, plaintiff's counsel filed an affidavit and supporting documentation showing he had completed service by certified mail on the U.S. Attorney for the Eastern District of Tennessee on June 15, and on the U.S. Attorney General in Washington, D.C., on June 19 [Docs. 11, 11-1, 11-2, 11-3, 11-4]. Plaintiff then filed a supplemental brief informing the Court that, in his view, service of process was now properly accomplished under Rule 4(i), albeit outside the thirty-day extension granted by Magistrate Judge Lee [Doc. 12]. Defendant responded that the Court should not consider such service effective and should instead dismiss plaintiff's complaint [Doc. 13].

## II.    Analysis

Federal Rule of Civil Procedure 12(b)(5) authorizes courts to dismiss an action for insufficient service of process. Such a motion "is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 1998). "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th

Cir. 2003). The plaintiff is responsible for serving the summons and complaint in accordance with Federal Rule of Civil Procedure 4 and, in particular, within the time permitted by Rule 4(m). *See* Fed. R. Civ. P. 4(c)(1). "[A]ctual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999). Indeed, rather than being "some mindless technicality," proper service of process is an essential prerequisite to the Court gaining personal jurisdiction over the defendant. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)).

The parties appear to agree that Rule 4(i) governs service of process on defendant [*See* Doc. 8 p. 3; Doc. 12 pp. 1–2]. First, to serve an officer of a U.S. corporation sued solely in an official capacity, the plaintiff must both (1) serve the United States itself, and (2) send the summons and complaint to the officer by registered or certified mail. Fed. R. Civ. P. 4(i)(2). Second, to serve the United States, the plaintiff must (1) send the summons and complaint by registered or certified mail to the U.S. Attorney General in Washington, D.C., and (2) either (a) deliver the summons and complaint to the U.S. Attorney for the district where the action is brought, or (b) send the summons and complaint by registered or certified mail to the civil-process clerk at the U.S. Attorney's office. Fed. R. Civ. P. 4(i)(1)(A)–(B). Therefore, to properly complete service of process in this case, plaintiff was required to serve the U.S. Attorney General, the U.S. Attorney for the Eastern District of Tennessee, and the named defendant, TVA President and CEO William D. Johnson, all within the time period provided by Rule 4(m).

Next, Rule 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Sixth Circuit has interpreted this language to require a two-step analysis in cases where the plaintiff fails to effect service within the ninety-day window. First, the Court "must determine whether the plaintiff has shown good cause for the failure to effect service," and if so, must grant a mandatory extension of time. *Stewart v. TVA*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. 2000) (table opinion). Second, if the plaintiff has not shown good cause, the Court must exercise its discretion in either dismissing the action without prejudice or ordering that service be accomplished within a specified time. *Henderson v. United States*, 517 U.S. 654, 663 (1996) ("[C]ourts have been accorded discretion to enlarge the [90]-day period 'even if there is no good cause shown.'" (quoting Fed. R. Civ. P. 4(m) advisory committee's note)); *Treadway v. Cal. Prods. Corp.*, No. 2:13-cv-120, 2013 WL 6078637, at *5 (E.D. Tenn. Nov. 19, 2013).

In light of these general principles, the Court must answer three questions in turn: (1) whether plaintiff served process on defendant in compliance with Rule 4; (2) if not, whether plaintiff has shown good cause for this failure; and (3) if not, whether the Court should nonetheless exercise its discretion to retroactively extend the time for service.

**A.    The Sufficiency of Plaintiff's Attempted Service of Process**

First, the Court considers whether plaintiff has served process on defendant in compliance with Rules 4(i) and (m).  For the reasons explained below, the Court finds that the service of process plaintiff has attempted thus far is insufficient.

In its brief in support of its motion to dismiss, defendant argues that plaintiff "has unquestionably failed to comply with the requirements of [Rule 4]" [Doc. 8 p. 5].  Under Rules 4(i) and (m), to properly effectuate service in this case, plaintiff had to serve the U.S. Attorney General, the U.S. Attorney for the Eastern District of Tennessee, and defendant Johnson within ninety days of filing his complaint.  Defendant observes that plaintiff failed to serve the first two individuals both within this original ninety-day window and within the additional thirty-day extension ordered by Magistrate Judge Lee.  Instead, plaintiff did not serve the U.S. Attorney General or U.S. Attorney for the Eastern District of Tennessee until 190 days and 186 days, respectively, after bringing suit [*See* Docs. 1, 11].

Plaintiff responds by noting first that defendant received actual copies of the summons and complaint within the thirty-day extension ordered by Magistrate Judge Lee [Doc. 9].  Further, plaintiff asks the Court to "deem [d]efendant properly served with process in this case" given the reasons for plaintiff's failure to serve the U.S. Attorney General and U.S. Attorney for the Eastern District of Tennessee earlier [Doc. 9 p. 3].  Plaintiff's counsel explains that in two prior, unrelated cases he brought against TVA, he served the summons and complaint on the TVA General Counsel via certified mail, and in neither case did TVA assert insufficient service of process.  [*Id.* at 2–3 (citing *Payne v.*

*TVA*, No. 1:15-cv-192; *Greening v. Johnson*, No. 1:14-cv-350)]. Indeed, in *Greening*, plaintiff's counsel originally served process on the U.S. Attorney General and U.S. Attorney for the Eastern District of Tennessee, but was then informed that the latter's office would not defend TVA and thus would not accept process. Plaintiff notes that TVA handles all of its own litigation, *Cooper v. TVA*, 723 F.2d 1560, 1564 (Fed. Cir. 1983), and "operates in much the same way as an ordinary business corporation, . . . not under [the control] of a cabinet officer or independent agency," *Jones v. U.S. Nuclear Reg. Comm'n*, 654 F. Supp. 130, 131 (D.D.C. 1987) (quoting *Nat. Res. Def. Council, Inc. v. TVA*, 459 F.2d 255, 257 (2d Cir. 1972)). Finally, plaintiff notes that TVA maintains offices in both Knoxville, Tennessee and Muscle Shoals, Alabama to receive service of process.

Defendant responds that plaintiff misapprehends his counsel's prior dealings with TVA [Doc. 10 pp. 3–4]. Defendant asserts that, in *Greening*, the fact that counsel initially served process on the U.S. Attorney General and U.S. Attorney for the Eastern District of Tennessee shows his awareness of the applicability of Rule 4(i). Defendant further notes that it appears from the docket in *Greening* that plaintiff's counsel actually effected service in that case within the then-applicable 120-day period under Rule 4(m). Next, defendant argues that *Payne* does not establish the course of dealing suggested by plaintiff because counsel effected service there within thirty-eight days of filing the complaint. Thus, a Rule 12(b)(5) motion would have been unavailing because the plaintiff would have had ample time—the remainder of the 120-day period—to serve the proper recipients. Here, however, plaintiff did not attempt service at all until the Rule 4(m) period had lapsed. Finally,

defendant observes that none of the cases plaintiff cites—i.e., *Cooper* and *Jones*—support a claim that plaintiff complied with Rule 4(m).  Rather, these decisions merely indicate that TVA represents itself in litigation and that venue for claims against TVA is proper in the Eastern District of Tennessee or the Northern District of Alabama.

Although the Court certainly understands the reasons for plaintiff's counsel's error, the Court nonetheless finds that the plain language of Rule 4 demonstrates that plaintiff failed to properly serve process on defendant.  Rule 4(i)(2) required plaintiff to serve both Johnson and the United States, yet plaintiff served only the former within the ninety-day period provided by Rule 4(m).  Furthermore, it is undisputed that plaintiff failed to serve the United States—by serving both the U.S. Attorney General and the U.S. Attorney for the Eastern District of Tennessee—within the additional thirty days Magistrate Judge Lee afforded him.  Thus, unless the Court finds reason to extend the period for accomplishing service of process, *see infra* Sections II.B–C, plaintiff has failed to effect proper service and the Court lacks "jurisdiction to adjudicate the rights of the parties."  *O.J. Distrib.*, 340 F.3d at 353.  Moreover, there is no basis under Rule 4—or any other federal rule or statute of which the Court is aware—for the Court to "deem [d]efendant properly served with process" on the ground that plaintiff's failure to comply with Rule 4 is somewhat understandable [Doc. 9 p. 3].  Instead, the proper question is whether plaintiff has shown that he merits a second, retroactive extension of time for service.

### B. Good Cause for Plaintiff's Failure to Serve Process

Second, the Court considers whether plaintiff has shown good cause for his failure to properly effect service of process under Rules 4(i) and (m). As explained further below, the Court finds that plaintiff has not shown good cause for this failure.

If a plaintiff shows good cause for a failure to timely effect service of process, then Rule 4(m) mandates an extension of time for service. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) ("Establishing good cause is the responsibility of the party opposing the motion to dismiss . . . and 'necessitates a demonstration of why service was not made within the time constraints.'" (quoting *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994))); *accord Winston v. Bechtel Jacobs Co.*, No. 3:13-cv-192, 2015 WL 1192704, at *2 (E.D. Tenn. Mar. 16, 2015). To carry this burden, the plaintiff must offer an explanation equivalent to "at least as much as would be required to show excusable neglect," though "simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985)). For example, a plaintiff's incapacitation for medical reasons may show good cause for failure of service, *see Habib*, 15 F.3d at 75, but family or substance abuse issues affecting only her attorney generally will not, *see Nafziger*, 467 F.3d at 521. "Actual notice and lack of prejudice to the defendant are likewise insufficient to establish good cause." *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 324 (E.D. Mich. 2001).

Here, while not explicitly conceding a lack of good cause to timely effect service of process, plaintiff largely focuses his arguments on the Court's discretion to permit late service absent such a showing. *See infra* Section II.C. Nevertheless, the Court construes plaintiff's explanation as to why his counsel initially failed to comply with Rule 4(i), described above, as at least a partial argument for the existence of good cause.

Defendant responds by citing multiple district court decisions to show that good cause is lacking in this case. *See Campbell v. McMinn Cty.*, No. 1:10-cv-278, 2011 WL 5921431, at *3 (E.D. Tenn. Nov. 28, 2011) (finding a lack of good cause where the failure to effect service was due to counsel's "inadvertence, mistake, or ignorance of the rules"); *Johnson v. Wal-Mart Stores E., LP*, No. 3:11-cv-469, 2012 WL 5418371, at *2 (E.D. Tenn. Nov. 5, 2012) (dismissing an action where the plaintiff failed to serve the defendant for over a year, gave no explanation for this failure, and never requested an extension of time, despite the defendant's actual knowledge of the action); *Mused v. U.S. Dep't of Agric. Food & Nutrition Serv.*, 169 F.R.D. 28, 32 (W.D.N.Y. 1996) (rejecting the plaintiff's argument that good cause existed "because his counsel followed the same procedures he normally follows in [similar] cases brought in [that] District," as "there is no provision in the Federal Rules of Civil Procedure or any other statute . . . providing for such a procedure"). Defendant also relies on *Stewart*, where the Sixth Circuit affirmed a dismissal for failure to timely effect service on TVA in an employment discrimination lawsuit, even though the

parties were involved "in a related administrative proceeding for more than seventy days after [the plaintiff] filed the complaint." 2000 WL 1785749, at *1.[2]

The Court finds that plaintiff has not shown good cause for his failure to timely serve defendant. The Court first notes that "[e]stablishing good cause is the responsibility of the party opposing the motion to dismiss"—here, plaintiff. *Nafziger*, 467 F.3d at 521. Given the general lack of legal or factual argument in plaintiff's briefs concerning good cause, the Court is disinclined to find that plaintiff has carried this burden. But even construing plaintiff's other arguments as arguments for good cause, the Court still finds that plaintiff has failed to demonstrate a proper basis to excuse his tardy efforts at service. Plaintiff's explanation for his counsel's failure to timely serve defendant amounts to a claim that, based on two past cases involving TVA, he was unaware of the requirements of Rule 4(i). But those requirements are clear on the face of the rule, and "simple inadvertence or mistake of counsel or ignorance of the rules" is rarely a basis for good cause. *Moncrief*, 961 F.2d at 597. Moreover, even if TVA has acquiesced to improper service in unrelated cases in the past—a point which defendant in any event disputes—such a course of dealing cannot establish good cause within the meaning of Rule 4(m). *Mused*, 169 F.R.D. at 32. This is especially true here, where plaintiff failed to attempt service at all within the original ninety-day window, and then failed again to effect proper service within the thirty-day

---

[2] In its response to plaintiff's Rule 7.1(d) supplemental brief, defendant also cites to *Fisher v. Merryman*, 32 F. App'x 721, 723 (6th Cir. 2002) (noting, in passing, that the plaintiff failed to show good cause because "any error by her counsel is no excuse"), and *Winston*, 2015 WL 1192704, at *3 (finding a lack of good cause where the plaintiff's counsel failed, without explanation, to serve process for over fourteen months).

extension permitted by Magistrate Judge Lee.  In sum, the Court finds that plaintiff has not demonstrated good cause so as to mandate a second extension of time to complete service of process.  *See Stewart*, 2000 WL 1785749, at *1.

### C.     The Court's Discretion to Permit Late Service of Process

Finally, given that a mandatory extension of time for service is not warranted here, the Court considers whether it should nonetheless exercise its discretion to accept service outside the thirty-day extension of time permitted by Magistrate Judge Lee.  For the reasons explained below, the Court finds that doing so is appropriate in this case.

Although Rule 4(m) does not mandate an extension of time in this case, courts in the Sixth Circuit now widely recognize that a district court holds discretion either to permit late service despite a lack of good cause or to dismiss the action without prejudice.  *See Henderson*, 517 U.S. at 662–63; *Stewart*, 2000 WL 1785749, at *1; *Treadway*, 2013 WL 6078637, at *5; *Wise v. Dep't of Def.*, 196 F.R.D. 52, 56 (S.D. Ohio 1999); *see also* Fed. R. Civ. P. 4(m) advisory committee's note ("The new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown . . . .").  As a "helpful guide for the Court's exercise of discretion," this Court has previously used a non-binding, five-factor test to determine whether an extension of time is warranted.  *See Winston*, 2015 WL 1192704, at *5; *accord Collett v. Kennedy, Koontz & Farinash*, No. 3:14-cv-552, 2015 WL 7254301, at *6 (E.D. Tenn. Aug. 14, 2015); *Slenzka*, 204 F.R.D. at 326.  The factors are:

> (1) [W]hether a significant extension of time is required; (2) whether an extension of time would cause actual prejudice to the defendant other than

the inherent 'prejudice' in having to defend the lawsuit; (3) whether the defendant had actual notice of the lawsuit; (4) whether dismissal of the complaint without prejudice under Rule 4(m) would substantially prejudice the plaintiff[], i.e., cause the plaintiff['s] suit to be time-barred . . . ; and (5) whether the plaintiff[ has] made diligent, good faith efforts to effect proper service of process.

*Treadway*, 2013 WL 6078637, at *6 (quoting *Slenzka*, 204 F.R.D. at 326).[3] The fourth factor—whether dismissal would substantially prejudice the plaintiff—"carries the most weight and may be dispositive" in certain cases. *Dudzinski v. Spirit Airlines, Inc.*, No. 09-15009, 2011 WL 1233231, at *6 (E.D. Mich. Mar. 30, 2011). Yet the Court retains discretion to dismiss even time-barred suits. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306 n.7 (3d Cir. 1995) (explaining that "holding that good cause exists any time the statute of limitations has run would effectively eviscerate Rule 4(m)").

Here, both parties cite to decisions they claim support their contrary conclusions as to whether a discretionary extension of time for service is proper. First, plaintiff relies on *Buck Mountain Community Organization v. TVA*, 629 F. Supp. 2d 785 (M.D. Tenn. 2009), where the plaintiff sent a copy of its complaint to TVA by email prior to filing suit but, whether by oversight or in the mistaken belief this was sufficient, did not otherwise serve TVA within the Rule 4(m) period, *id.* at 792. The plaintiff did, however, serve TVA with an alias summons and a copy of the complaint after TVA moved to dismiss. *Id.* The court

---

[3] Defendant argues that "[t]here is no binding authority requiring the Court to engage in th[is] five-factor test . . . , and the Court need not examine those factors here" [Doc. 13 p. 2]. Yet defendant does not dispute that the Court "has discretion to permit late service absent a showing of good cause" [*id.*], and the Court has previously found that these factors provide helpful structure to the otherwise amorphous inquiry of whether a discretionary extension of time is appropriate, *see Collett*, 2015 WL 7254301, at *6. The Court reaches the same conclusion here.

elected to retroactively extend the time for service of process because, "as service ha[d] been effectuated and as there [was] no question that TVA was aware of the lawsuit from the outset, . . . the court [saw] no reason to dismiss the suit." *Id.* Defendant, however, distinguishes *Buck Mountain* on the grounds that TVA had actively participated in that case early on—i.e., by defending a hearing on the plaintiff's motion for a temporary restraining order—and that the plaintiff responded to the motion to dismiss by properly serving TVA. *Id.* Defendant argues that neither factor exists here: Johnson was a party in the EEOC proceedings but was not an active participant in this action before filing his motion to dismiss, and plaintiff did not immediately serve Johnson properly at that time.

Defendant relies primarily on *Campbell*, *Johnson*, and *Mused*, discussed briefly above, for factual support.[4] In *Campbell*, this Court granted a motion to dismiss where the plaintiff had failed to timely serve process "due to inadvertence, mistake, or ignorance of the rules," even though the defendant apparently had actual knowledge of the action during the Rule 4(m) period. 2011 WL 5921431, at *2–3. In *Johnson*, the Court came to the same conclusion where the plaintiffs failed to serve the defendant for over a year, offered no explanation for this failure, and never requested an extension of time for service. 2012 WL 5418371, at *2. Indeed, the plaintiffs did not even respond to the defendant's motion to

---

[4] Defendant also relies on *Nafziger*, where the Sixth Circuit affirmed a district court's decision to dismiss for insufficient service of process. 467 F.3d at 522. The court in that case did not, however, consider the question whether a discretionary extension of time was appropriate absent a showing of good cause. *See id.* at 521–22. Rather, the Sixth Circuit considered only whether the district court abused its discretion in finding a lack of good cause. *Id.* Thus, *Nafziger* is not particularly helpful in this portion of the Court's analysis.

dismiss. *Id.* at *1. Finally, in *Mused*, the Western District of New York declined to exercise its discretion to extend the time for service absent a showing of good cause. 169 F.R.D. at 33. In that case, the plaintiff made no attempt to serve process for almost a year, until the court issued a show-cause order. *Id.* The court found that "[t]his lack of diligence . . . militate[d] against the [c]ourt exercising its discretion to excuse his failure to comply with Rule 4(m)." *Id.* The court also noted that the plaintiff had "failed to offer any reasonable explanation or justification for his complete failure" to even attempt service during the Rule 4(m) period. *Id.* Finally, the defendant's actual notice of the action and lack of prejudice did not provide a basis for excusing the plaintiff's noncompliance with Rule 4(m), given his failure to make any diligent attempt at service. *Id.* at 34.[5]

After reviewing the arguments advanced and authorities cited by both parties, the Court finds that the balance of relevant factors counsels in favor of an extension of time for service. First, a significant extension of time is not required because (1) plaintiff has already completed service in compliance with Rule 4(i), albeit outside the Rule 4(m) period [*see* Docs. 11-1–11-4], and (2) plaintiff did so forty-six days after the end of the thirty-day extension permitted by Magistrate Judge Lee [*see* Docs. 4, 11]. Moreover, plaintiff made a good faith effort to serve process within this thirty-day window, though that effort was

---

[5] In its response to plaintiff's Rule 7.1(d) supplemental brief, defendant also cites to *Walker v. Donahoe*, a brief per curiam opinion affirming a dismissal for insufficient service of process. 528 F. App'x 439 (6th Cir. 2013). As in *Johnson*, the plaintiff in *Walker* failed to serve the defendant—here, the U.S. Postmaster General—for almost a year, gave no explanation for this failure, and never requested an extension to complete service. *Id.* at 440–41.

technically ineffective due to plaintiff's counsel's failure to follow the requirements of Rule 4(i).[6] Thus, this factor favors an extension of time for service.

Second, the Court does not find that an extension "would cause actual prejudice to the defendant[,] other than the inherent 'prejudice' in having to defend the lawsuit." *Treadway*, 2013 WL 6078637, at *6. Plaintiff asserts that no prejudice will result because TVA actively participated in the EEOC proceedings, which ended with plaintiff informing the EEOC and TVA of its intent to file suit in federal court. This, along with the fact that defendant received actual service of the summons and complaint early on, means that TVA has been aware of this action since its inception. Defendant responds that: (1) it suffered prejudice from the first extension of time for service, because plaintiff's claims otherwise would have become time-barred; and (2) it will suffer additional prejudice from a second extension because plaintiff has announced his intent to amend his complaint to substitute the Rehabilitation Act as the statutory basis for his suit and to substitute the TVA Board of Directors as the official defendant [Doc. 9 p. 1 n.1]. Plaintiff did so in response to remarks in defendant's opening brief that the Rehabilitation Act, not the substantively similar ADA, is the proper basis for a TVA employee's disability discrimination claim and that the proper defendant for such a claim is the Board of Directors [Doc. 8 pp. 6–7 n.1].

The Court finds neither of defendant's proposed sources of prejudice persuasive. As for defendant's first argument, having to defend a suit that would otherwise be time-

---

[6] Indeed, defendant received actual service of the summons and complaint the day *before* Magistrate Judge Lee granted an extension of time [*See* Docs. 4, 6-1].

barred does not constitute "prejudice" in this context.  *Slenzka*, 204 F.R.D. at 326.  Otherwise, defendants would almost always be able to show sufficient prejudice.[7]  And as for defendant's second argument, the fact that plaintiff might seek an amendment under Rule 15 to correct minor, largely semantic errors in his original complaint does not show prejudice here.  If the Court grants plaintiff leave for such amendment, the real defendant in interest would still be TVA, and the substance of plaintiff's disability discrimination claim would be the same.  Moreover, if the Court denies such leave, defendant will not be prejudiced because it could then seek dismissal of the case on the merits.  Therefore, the second factor weighs somewhat in favor of an extension of time for service.

Third, as discussed above, TVA received actual service of the summons and complaint within the extended time period permitted by Magistrate Judge Lee.  In addition, TVA received notice of plaintiff's intent to file an action in federal court before this case even began, i.e., when the EEOC proceedings concluded.  Thus, the Court finds that the third factor weighs in favor of a retroactive extension of time.  And fourth, the parties agree that a refiled action following a dismissal without prejudice would be time-barred by the ADA statute of limitations [*See* Doc. 9 p. 4; Doc. 10 pp. 2, 4].  Thus, dismissal "would substantially prejudice the plaintiff[]," as wholly foreclosing the litigation of a claim on its

---

[7] This is because parties are likely to litigate the appropriateness of extending the time for service under Rule 4(m) only when the applicable limitations period has run.  If it has not, then the plaintiff does not lose much by having to refile the case, as Rule 4(m) commands the court to either extend the time for service or dismiss the action *without* prejudice.

merits is the most severe form of procedural prejudice a plaintiff can suffer. *Treadway*, 2013 WL 6078637, at *6 As such, the fourth factor also favors an extension.

Finally, the Court finds that plaintiff did make a diligent, good faith effort at serving defendant with process. Magistrate Judge Lee found that good cause existed to warrant a thirty-day extension after the original Rule 4(m) period lapsed—namely, the emergency surgery plaintiff underwent and his uncertain chances of recovery [*See* Doc. 4]. Plaintiff's counsel then promptly delivered copies of the summons and complaint to TVA's General Counsel. Based on past dealings with TVA, ignorance of Rule 4(i), or some combination of the two, plaintiff's counsel was unaware that such service was insufficient. However, although such ignorance may not rise to the level of "good cause" for a mandatory extension under Rule 4(m), *Moncrief*, 961 F.2d at 597, that does not mean that counsel's efforts were lacking in diligence or good faith.[8] Moreover, after service of defendant's motion to dismiss, plaintiff's counsel took prompt action to rectify his mistake [*See* Docs. 11–12]. Thus, the Court finds that the fifth factor also favors an extension.

Furthermore, the Court agrees with plaintiff that the cases on which defendant primarily relies—namely, *Campbell*, *Johnson*, and *Mused*—are distinguishable. First, the judge in *Campbell* considered only whether good cause required a mandatory extension of time, not whether a discretionary extension would alternatively be proper. *See* 2011 WL 5921431, at *2–3. This was likely because the defendant in that case never requested any

---

[8] Contrary to defendant's suggestion that this delay may have been for reasons of "tactical decision-making," and thus not in good faith [Doc. 13 p. 2], the Court finds no evidence that plaintiff's counsel's error was due to anything but simple inadvertence.

such relief, instead filing only a one-page response brief asserting that the plaintiff was aware of the action [No. 1:10-cv-278, Doc. 34]. Second, the plaintiff in *Johnson* never requested an extension of time, offered no explanation for the failure of service, and failed to even respond to the motion to dismiss. 2012 WL 5418371, at *1–2; *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Likewise, the plaintiff in *Mused* had failed to make any attempt at service for almost a year, and never offered a plausible explanation for such tardiness. 169 F.R.D. at 33. Such indolence stands in sharp contrast to plaintiff's diligent, yet faulty efforts at service, along with the reasonable explanation for counsel's error, in this case. Instead, the Court agrees with plaintiff that *Buck Mountain* presents the more analogous scenario. Both here and in that case, TVA acquired actual knowledge of the action as a result of earlier proceedings—here, the EEOC charge; in *Buck Mountain*, a TRO hearing—and plaintiff attempted further service once advised of the technical insufficiency of earlier efforts. 629 F. Supp. 2d at 792. Thus, as in *Buck Mountain*, the Court finds "no reason to dismiss [this] suit rather than simply extend, retroactively, the deadline for service." *Id.*

In sum, although plaintiff did not originally effect service of process in compliance with Rule 4, and although plaintiff has not shown good cause so as to warrant a mandatory extension of time for service, the Court nonetheless finds it appropriate to extend the time period under Rule 4(m) to include June 19, 2017. Such a holding is in keeping with the "overall policy in [the Sixth] Circuit of resolving disputes on their merits," rather than on the minutia of procedural rules. *Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D.

21

216, 218 (S.D. Ohio 2000). As such, plaintiff has now served process on defendant in compliance with Rules 4(i) and (m).

## III. Conclusion

For the reasons explained above, the Court hereby **DENIES** defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5) [Doc. 7], and **GRANTS in part and DENIES in part** plaintiff's motion to deem service effectuated or extend the time to complete service of process [Doc. 9], to the extent described herein.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE